# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-03096-08-SRB |
| ) | |
| ANTONIO J. JONES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is what is construed as Defendant Antonio J. Jones's *pro se* Motion for Compassionate Release. (Doc. #335.) Upon review of the record, Defendant's motion is DENIED.

On August 13, 2018, Defendant pled guilty to Count 1 of an Indictment, which charged him with conspiracy to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin. On April 8, 2019, the Court sentenced Defendant to 81 months of imprisonment, to be followed by a five-year term of supervised release. According to the Government, Defendant's date of release from imprisonment is May 20, 2022. (Doc. #338, p. 2.)

On October 13, 2020, Defendant filed the pending motion for compassionate release. Defendant requests a compassionate release based on his health conditions and concerns regarding COVID-19. Defendant states in part that there is an outbreak of COVID-19 at his institutional facility, that he has a collapsed lung from multiple gun shot wounds, and that he has a home confinement plan. The Government opposes the relief requested and argues that Defendant has failed to show extraordinary and compelling circumstances that would justify a compassionate release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to a compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020) (citation omitted).

Here, and assuming Defendant has fully exhausted his administrative remedies, the Court finds no extraordinary and compelling reason to reduce his sentence. In particular, Defendant has failed to show—or argue—that he is unable to provide self-care or perform daily living activities. Defendant has also failed to show or argue that he has a terminal illness, or suffers from any physical or mental condition that substantially diminishes his ability to perform such activities. Although Defendant contends that he previously suffered from a collapsed lung, there

2

Case 6:17-cr-03096-SRB   Document 341   Filed 11/23/20   Page 2 of 3

is no indication that he currently suffers from this condition or that the condition warrants a compassionate release.

On the current record, Defendant has failed to show that his health conditions rise to the level of extraordinary and compelling circumstances. Defendant has also failed to show that he merits release under the § 3553(a) factors, particularly in light of the fact that he was only recently sentenced. Although the Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, Defendant's age (46) and apparent health condition do not rise to the level of extraordinary and compelling circumstances warranting a sentence reduction.

Accordingly, it is ORDERED that Defendant Antonio J. Jones's *pro se* Motion for Compassionate Release (Doc. #335) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
DATED: November 23, 2020          UNITED STATES DISTRICT COURT